IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL TORRES, | : | CIVIL NO. 3:CV-11-1582 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| DR. JEFFREY YOCUM, et al., | : | |
| Defendants | : | |

## MEMORANDUM

I. **Background**

On August 24, 2011, plaintiff Angel Torres ("Torres"), a state inmate presently confined at the State Correctional Institution Somerset ("SCI Somerset") in Somerset, Pennsylvania, initiated the above action pro se by filing a civil rights complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) The case, which originally was assigned to the Honorable James M. Munley, recently was reassigned to the undersigned.

In his complaint, Torres alleges that, during his confinement at the Lebanon County Correctional Facility in Lebanon, Pennsylvania from September 2010 through June 2011, defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Fifth, Eighth, and Fourteenth Amendments by ignoring his requests for medication that he previously had been taking for various medical conditions.

By order dated August 26, 2011, service of the complaint was directed. (Doc. 6.) Defendants filed an answer to the complaint on October 27, 2011. (Doc. 18.) By order dated October 31, 2011, the deadline for the completion of discovery was set for January 31, 2012,

the parties were directed to file any discovery-related motions within fourteen (14) days from the close of discovery, and the deadline for the submission of dispositive motions was set for March 16, 2012. (Doc. 19.)

Presently before the Court is Torres' motion for the appointment of counsel. (Doc. 22.) For the reasons set forth below, the motion will be denied without prejudice.

## II. Discussion

The Court recognizes that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. The exercise of this discretion, however, is guided by certain basic principles. Gordon v. Gonzalez, 232 Fed. Appx. 153, 156 (3d Cir. 2007).

In Tabron, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). Id. at 155-57. In Parham, the Third Circuit identified the following guidelines for appointing counsel to indigent civil litigants:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the

2

> plaintiff's claim has some merit, then the district court should consider the following factors:
>
> > (1) the plaintiff's ability to present his or her own case;
> >
> > (2) the complexity of the legal issues;
> >
> > (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;
> >
> > (4) the amount a case is likely to turn on credibility determinations;
> >
> > (5) whether the case will require the testimony of expert witnesses;
> >
> > (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457 (citation omitted).

Our analysis of these factors suggests that counsel should not be appointed in this case at the present time. We observe that, at least at this early stage of the case, Torres has demonstrated an ability to present his own case by presenting the factual allegations in support of his claims in his complaint in a clear and concise manner. Further, while Torres asserts in the instant motion that his case involves complex legal issues and expresses concern regarding his limited access to the law library, it is apparent from his complaint that, notwithstanding any limitations on his access to legal resources, he nonetheless possesses the ability to understand and present the legal authority relevant to his claims. Moreover, Torres' concerns regarding his ability to present evidence and cross examine witnesses at trial are premature at this stage of the case where discovery has not yet been completed. Finally,

3

while a consideration of whether Torres can attain and afford counsel on his own behalf would appear to weigh in favor of appointing counsel, our overall consideration of the above factors, as well as this Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), weigh against the appointment of counsel at this time. Accordingly, Torres' motion will be denied. However, our denial will be without prejudice such that, in the event that future proceedings demonstrate the need for counsel, and in particular, should Torres encounter difficulties in presenting his own case, for example in engaging in or responding to discovery, or in addressing any issues concerning medical experts, the matter may be reconsidered, either sua sponte or upon properly filed motion by Torres. An appropriate order follows.

BY THE COURT:

JUDGE ROBERT D. MARIANI
United States District Court

Dated: December    , 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL TORRES, | : | CIVIL NO. 3:CV-11-1582 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| DR. JEFFREY YOCUM, et al., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

AND NOW, to wit, this 7th day of December, 2011, in accordance with the foregoing memorandum, it is hereby **ORDERED** that plaintiff's motion to appoint counsel (Doc. 22) is **DENIED** without prejudice.

BY THE COURT:

JUDGE ROBERT D. MARIANI
United States District Court