IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL TORRES, | Civil No. 3:11-cv-1582 |
| Plaintiff | (Judge Mariani) |
| v. | |
| DR. JEFFREY YOCUM, *et al.*, | |
| Defendants | |

## MEMORANDUM

A jury trial is scheduled to commence in this action on Monday, April 11, 2016. The complaint alleges that Plaintiff was deprived of his HIV medication during his confinement at the Lebanon County Correctional Facility ("LCCF"). Based on the alleged failure to receive HIV treatment, Plaintiff claims that he suffered from damage to his health.

The Lebanon County Defendants filed a motion in limine (Doc. 115) seeking to preclude Plaintiff from introducing any lay opinion, expert, or other witness testimony, regarding causation, prognosis or possible future emotional distress. The Lebanon County Defendants' bases for moving to exclude this evidence are: (1) under Federal Rule of Evidence ("FRE") 701, Plaintiff is precluded from offering lay opinion testimony that is based on scientific, technical, or specialized knowledge, (2) under FRE 702 and 703, Plaintiff is clearly not an expert and his testimony would be based upon unsupported speculation and conjecture, and not upon sufficient facts or data, (3) under FRE 403, such testimony is more prejudicial than probative, and (4) pursuant to Federal Rule of Civil Procedure 26(a)(2)(D),

Plaintiff failed to timely disclose the identity of expert witnesses. (Doc. 116).

Rule 701 of the Federal Rules of Evidence places strict limits on the scope of opinion testimony that may be given by lay witnesses. Rule 701, Opinion Testimony by Lay Witnesses, provides as follows:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701. The Lebanon County Defendants base their objection on subpart (c) of the Rule, and contend that Plaintiff, who has not been qualified as an expert in this case, may not offer his own testimony and an opinion as to the prognosis or causation of conditions based upon the alleged deprivation of his medication. (Doc. 116, at 4). The Court agrees that Plaintiff has not demonstrated that he is competent to offer expert medical opinion testimony about his medical conditions. The Court will enter an Order precluding Plaintiff from offering such testimony, which is improper under Rule 701's limits on opinion testimony, but will allow Plaintiff to offer his lay opinion to the extent allowed by FRE 701 or encompassed within the hearsay exceptions of FRE 803(3) and 803(4). Specific rulings on the propriety of any testimony offered by Plaintiff must be deferred until Plaintiff testifies at trial. Defendants may object to questions posed to Plaintiff which they believe seek to elicit

testimony which is not within the scope of the lay opinion testimony allowed by FRE 701 or within FRE 803(3) and 803(4).

As Plaintiff is clearly not an expert, and is not qualified to render an opinion as the nature or cause of his medical conditions, Federal Rules of Evidence 702, Testimony by Expert Witnesses, and 703, Bases of an Expert's Opinion Testimony, are inapplicable. *See Mattioli v. Media News Group*, 1999 WL 729255 (E.D. Pa. 1999) (plaintiff not competent to testify about the cause of his stroke).

The Court finds that Plaintiff may testify at trial about statements he made to physicians and medical personnel. Such statements fall under the Federal Rules of Evidence 803(3) and 803(4) hearsay exceptions for statements made to explain a physical condition, and made for the purpose of medical diagnosis and treatment. Federal Rule of Evidence 803 provides, in pertinent part, as follows:

> (3) Then-Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.
>
> (4) Statement Made for Medical Diagnosis or Treatment. A statement that:
>
>> (A) is made for--and is reasonably pertinent to--medical diagnosis or treatment; and
>> (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause.

FED. R. EVID. 803(3), (4).

Thus, Plaintiff may testify as to his own condition, and the information he relayed to his physicians and other medical personnel, to the extent the testimony is within the scope of FRE 803(3) and 803(4) quoted above, and may offer lay testimony if it meets the criteria of FRE 701. However, Plaintiff will be precluded from offering any expert opinion testimony regarding his own medical condition. Accordingly, Defendants' motion in limine will be granted in part and denied in part.

Additionally, for the reasons set forth in the Court's Memorandum addressing Defendant Yocum's motion in limine, Plaintiff's agreement not to call Dr. McMahon as an expert renders the Lebanon County Defendants' motion in limine seeking to preclude the testimony of a retained expert moot.

An appropriate Order shall issue.

Date: April 5, 2016

Robert D. Mariani
United States District Judge