IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL TORRES, | Civil No. 3:11-cv-1582 |
| Plaintiff | (Judge Mariani) |
| v. | |
| DR. JEFFREY YOCUM, *et al.*, | |
| Defendants | |

## **MEMORANDUM**

A jury trial is scheduled to commence in this action on Monday, April 11, 2016. The complaint alleges that Plaintiff was deprived of his HIV medication during his confinement at the Lebanon County Correctional Facility ("LCCF"). Based on the alleged failure to receive HIV treatment, Plaintiff claims that he suffered from damage to his health.

Plaintiff's pretrial memorandum identifies Dr. Deborah McMahon, Clinical Director of the University of Pittsburgh Medical Center's HIV/AIDS Program, as a proposed expert witness. (Doc. 129, p. 6). Plaintiff sought Dr. McMahon's expertise "primarily to assist Plaintiff in providing a demand to defense." (*Id.*). Plaintiff explains that, "Dr. McMahon essentially would be testifying with regard to the relationship of the absence of HIV therapy, or Art [], and damages occurring as a consequence of that absence inasmuch as, for instances, the patient's immune response is reduced and inflammation is increased and/or their relationship to the development of active AIDS." (*Id.*).

Defendant Yocum filed a motion in limine (Doc. 113) seeking to preclude Plaintiff from offering evidence on causation and prognosis by way of expert testimony and medical records. Defendant Yocum moves to exclude this evidence based on the following: (1) pursuant to Federal Rule of Civil Procedure 26(a)(2), Plaintiff failed to timely disclose the identity of expert witnesses, and (2) under Federal Rule of Civil Procedure 37(c)(1), Plaintiff's failure to make the required expert disclosures is not substantially justified. (Doc. 114, pp. 3-4).

Federal Rule of Civil Procedure 26(a)(2) sets forth the duty to disclose expert testimony, and establishes the timing of the required disclosures of the identity of experts and their expert reports, providing that:

(a) Required Disclosures.

(2) Disclosure of Expert Testimony.

(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;

2

>  (iii) any exhibits that will be used to summarize or support them;
>  (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>  (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>  (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>  (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>  (ii) a summary of the facts and opinions to which the witness is expected to testify.
>
> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
>  (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>  (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

FED. R. CIV. P. 26(a)(2)(A), (B), (C), (D). Rule 37(c)(1) provides, in pertinent part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Plaintiff's counsel concedes that she did not timely disclose the identity of any expert witnesses. (Doc. 130). Moreover, at the April 1, 2016 pretrial conference, Plaintiff's

3

counsel indicated that she will not call Dr. McMahon as medical expert and will not produce an expert report from Dr. McMahon. The following exchange occurred between the Court and Plaintiff's counsel:

> THE COURT: I'm looking at your pre-trial memo, subsection F on Page 6, wherein, you speak of Dr. Deborah McMahon, and you say, quote, Her expertise was sought primarily to assist Plaintiff providing a demand to defense, and you go on to say Dr. McMahon would explain the relationship between the HIV condition and the use of ART, antiretroviral therapy and its effects upon the immunological system, etc. I've read your brief in opposition to Defendant's Motion in Limine, and I fail to understand why you did not secure the services of Dr. McMahon and obtain a report from her, irrespective of whether Dr. Yocum's deposition was delayed. There's not enough of a nexus here for me to justify your failure to do that.
>
> MS. KIFT: Your Honor I have no problem with that, it's just that -- because I'm not bringing her in.
>
> THE COURT: You're not?
>
> MS. KIFT: I'm not asking to bring her in. I cut her off. But then if I can't bring in treaters who are not --
>
> THE COURT: Let's take one at a time here, okay. Let's take one at a time.
>
> MS. KIFT: Well, there are alternatives, actually.
>
> THE COURT: Let's take one at that time. Just so the record is clear, because I don't want any ambiguities in the record. You are not going to call Dr. Deborah McMahon, is that correct Ms. Kift?
>
> MS. KIFT: It is my intention not to call Dr. Deborah McMahon -- her name is spelled oddly, I see it in print and I can't read it in my own head. Dr. McMahon, I'm sorry, but my intention is not to call her. In the event that I may bring in the attending physicians who are all over the records, that's where I got the names --

>THE COURT: When you say it's not your intention to call Dr. McMahon, does that mean that I need not rule on Mr. Faulkrod's Motion in Limine on behalf of Dr. Yocum because you're not going to call her?
>
>MS. KIFT: Your Honor, yeah, it means that. I hate to do that because it's nice to have something on the record indicating I'm not going to get her in anyway.

(Unofficial Transcript of Pretrial Conference at 24-26).

Accordingly, Plaintiff's agreement not to call Dr. McMahon as an expert renders Defendant Yocum's motion in limine seeking to preclude expert testimony moot.

Defendant Yocum's motion in limine also seeks to preclude expert testimony from past and current treating physicians on the issues of causation and prognosis. (Doc. 114, p. 3). Again, Defendant's basis for precluding this evidence is Plaintiff's failure to comply with Federal Rule of Civil Procedure 26(a)(2). At the pretrial conference on April 1, 2016, Defense counsel agreed that the physicians who treated Plaintiff at any correctional institution where he was incarcerated may testify as to diagnosis and treatment. (Unofficial Transcript of Pretrial Conference at 26-27). Defendant reserved the right to object to any questions from Plaintiff's counsel that may attempt to elicit opinion testimony from these physicians. (Unofficial Transcript of Pretrial Conference at 31). Plaintiff's counsel agreed that the testimony of these treating physicians would be limited to facts showing diagnosis and treatment. (Unofficial Transcript of Pretrial Conference at 31). Plaintiff's counsel further indicated that no physician would be called who treated Plaintiff outside of the

correctional facilities where he was housed. (Unofficial Transcript of Pretrial Conference at 31-32). The following discussion transpired:

> MR. FOULKROD: We don't object to the authenticity of the prison records, Your Honor. I would just like to state my position that these prison records can testify as to what's in the records, but if there's an effort to go beyond what's in the records to elicit expert testimony, I would obviously object to that because there's been no report.
>
> THE COURT: I understand. I'm hearing Ms. Kift tell me she wishes to elicit testimony from them as to their treatment of Mr. Torres, isn't that right Ms. Kift?
>
> MS. KIFT: Yes Your Honor.
>
> THE COURT: ... So we're clear, are there any other doctors who are at least potential witnesses here who are not associated with correctional institutes, who did not treat the Plaintiff while he was incarcerated, who may be witnesses, because if there are, I want to know about them right now. Is there anyone else?
>
> MR. SCHWALM: No.
>
> MS. KIFT: Okay. Santangelo?
>
> THE COURT: We will get to her, but there's no one else, Ms. Kift?
>
> MS. KIFT: No. If we go before all of this -- I mean, we could go back to Green Haven, there was a doctor there, because that's --
>
> THE COURT: My question was doctors not associated with treatment at the correctional institutes.
>
> MS. KIFT: There are absolutely no doctors who are not associated with treatment. Thank you.

(Unofficial Transcript of Pretrial Conference at 31-32).

Thus, Defendant Yocum's motion in limine seeking to preclude expert testimony from past and current treating physicians on causation and prognosis will be granted in part and denied in part.

An appropriate Order shall issue.

Date: April 5, 2016

Robert D. Mariani
United States District Judge