# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL TORRES,  Plaintiff | : Civil No. 3:11-cv-1582 |
| v. | : (Judge Mariani) |
| DR. JEFFREY YOCUM, et al.,  Defendants | : |

## MEMORANDUM

A jury trial is scheduled to commence in this action on Monday, April 11, 2016. In the complaint, Plaintiff alleges that he was deprived of his HIV medication during his confinement at the Lebanon County Correctional Facility ("LCCF"). (Doc. 1). Based on the alleged failure to receive HIV treatment, Plaintiff claims that he suffered from damage to his health.

Presently pending before the Court is Plaintiff's motion in limine (Doc. 117) seeking to preclude Defendants from introducing evidence of his prior arrests and convictions, other than his conviction for theft by deception. Plaintiff's bases for moving to exclude evidence of his prior arrests and convictions are: (1) under Federal Rule of Evidence ("FRE") 403, they are more prejudicial than probative, (2) under FRE 404, they are inadmissible character evidence used to show both character and action in conformity therewith, and (3) the prior criminal convictions are inadmissible impeachment evidence under FRE 609. (Doc. 121). Defendants have not opposed Plaintiff's motion in limine.

As a general rule, all relevant evidence is admissible. FED. R. EVID. 402. Evidence

is "relevant" if its existence simply has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401(a), (b). However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403.

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b). However, such acts may be introduced if presented for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident. FED. R. EVID. 404(b)(2). Thus, under Rule 404(b), prior act evidence is inadmissible unless the evidence is (1) offered for a proper non-propensity purpose that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 such that its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested. *United States v. Caldwell*, 760 F.3d 267, 277-78 (3d Cir. 2014).

Regarding Plaintiff's prior arrest record, the Court finds that any possible probative value is substantially outweighed by the danger of unfair prejudice flowing from introduction of Plaintiff's arrest record. The balancing test under Federal Rule of Evidence 403 provides

that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403. Any probative value of Plaintiff's prior arrests to the issues in this case would be minimal, at best, and non-existent at worst. Thus, Plaintiff's unopposed motion in limine seeking to preclude evidence of his prior arrests will be granted. This ruling extends to any attempt to impeach the Plaintiff under FRE 609 by reference to or introduction of evidence concerning arrests that did not result in convictions. *See, United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009).

The Court at present does not have sufficient information to rule on Plaintiff's motion seeking to preclude any prior criminal convictions, and any crimes that occurred more than ten (10) years ago, for impeachment purposes.

The question of whether prior criminal convictions would be admissible for impeachment purposes is governed by Rule 609(a), which provides, in pertinent part:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
>> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>
>>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>> (B) must be admitted in a criminal case in which the witness is a

3

> defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

FED. R. EVID. 609(a)(1), (2).

Rule 609(b) sets forth the standard governing admissibility for impeachment purposes of convictions more than ten (10) years old. The Rule provides as follows:

> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

FED. R. EVID. 609(b).

Plaintiff does not challenge the introduction of a prior conviction which he characterized as "theft by deception." (Pl. Mot. in Lim., ¶ 4, Doc. 117).

Plaintiff does seek to exclude the introduction of evidence of, in addition to Plaintiff's arrest record, "convictions not involving *criman* [sic] *falsi* prior to the incident that gives rise to this action." (*Id.*, ¶ 5).

Plaintiff also seeks to preclude evidence of crimes where more than ten years have passed since the Plaintiff's conviction or release from confinement, whichever is later, under

4

FRE. 609(b).

Because neither the Plaintiff nor the Defendants have identified what crimes of which the Plaintiff has been convicted, as well as whether the Defendants intend to attempt to introduce evidence of those criminal convictions, and, if they so intend, the basis on which they intend to do so, the Court of necessity must defer ruling on the remainder of Plaintiff's motion until trial. At that time, Plaintiff may reassert his motion in limine in the form of objections to any attempt by the Defendants to introduce evidence of a prior conviction, whether offered under Federal Rules of Evidence 404, 607, 608 or 609. In so objecting, Plaintiff may assert the danger of unfair prejudice in accordance with FRE 403, and in connection with the attempted introduction of convictions where more than 10 years have passed since the Defendant's conviction or release from confinement for it, that its probative value does not substantially outweigh its prejudicial effect. See FRE 609(b)(1)(2). In each such instance, the Court will hear argument with respect to the specific conviction sought to be introduced or used for impeachment purposes and will issue a ruling at that time.

An appropriate Order shall issue.

Date: April 6, 2016

Robert D. Mariani
United States District Judge